All this case formally. It's 518-0452 Kent Renshaw v. Dirnbeck and David Doble. And we understand Mr. Doble has waived argument in this case as well. Correct. Okay. All right. Who'd like to begin, then? Thank you. May it please the court. I'm Blaine Harvey. I represent the petitioner in this case, Mr. Renshaw. As your honors may be aware, this is the second time this case has been before you. This case was brought by the petitioner to seek a recount of votes in Franklin County after the 2012 Democratic primary for the office of circuit-wide second circuit judge. The contest was brought to challenge the nomination of the respondent, Mr. Dirnbeck. The recount was sought pursuant to Section 23-23.2 of the Election Code, Article 5. And I think there's a moment we might take, Judge, to have a discussion about this because I think there's some confusion as indicated in the brief of the respondent in this case. You mean with regard to what section or procedure? Yes. The reason I say that is if you look at Article 7 of the code, Article 7 of the code is the article that governs the nomination of candidates for office by a party. This action is brought pursuant to 5-23-23.2 because that is the only section in the Election Code that provides for recount. The language of that section is very simple. 23-23.2 says, a court hearing an election contest pursuant to this article, Article 23, the next part of it, or any other provision of the law, shall grant a petition for recount promptly filed based on facts alleged in such a petition. There appears a reasonable likelihood that a recount will change the results. The fact that this action for recount is brought pursuant to 23.2 doesn't mean that it isn't governed by Article 7 because Article 7 governs the nomination. The significant part of this is that 23.2 specifically says it involves matters related or contests brought pursuant to Article 23 or any other provision. And if you look at Article 7 of the Election Code, it's Article 7 which governs the nomination of candidates for election by a party. Now this becomes significant because when you start looking at Respondent's brief, he makes assertions in the brief, and we'll discuss those a bit more, about how if you rule in our favor in this case and you reverse the trial court's judgment, then he's going to bring an action pursuant to some other part of Article 23 to seek a different recount or whatever. But the point of the matter is, I guess the point I make is the governing statute for contests in a primary is 7-63. The only reason reference is ever made to 23-23.2 is that is the only provision in the statute that provides for a recount, and it provides for a recount not only in contests under Article 23 but, quote, any other provision of the law. And that, I submit to you, certainly includes 7-63. So I think that is the foundation from which we need to begin the discussion of these issues. As I indicated... So do you agree with their contention that this is the first time you have brought a petition under 7, Article 7, 7-63? No, not at all. The entirety of the previous litigation of this case was done under 7-63, and this court in its previous judgment recognized that. The only reason 23 is even mentioned is because that's the only statutory authority we've got to seek a recount. The governing, with the exception of the recount, the nomination process is governed by Article 7. If you look at the previous appeal in this case, if you go back and you look at the record in the trial court prior to the previous appeal in this case, there's no question that the entire thing was litigated per 7.63. The point is, and the only point is, the reason 23-23.2 is mentioned is because it is the only statutory authority that entitles us to the recount, and the recount is what we're seeking. So I think there is an attempt here, or perhaps some confusion, or an attempt to create confusion regarding the applicability of Article 23, and the only applicability of 23 is for purposes of the recount. Now, the other thing that needs to be put to bed in this case is that the only county that is the subject of this contest, or can be the subject of this contest, is Franklin County. Indeed, I think this court in its previous decision has acknowledged that, and when assertions are made in respondent's brief about how they're going to come back and they're going to challenge some other counties if we prevail, that's not feasible. I simply would refer the court to paragraph 67, 68, and 69 of the previous order. The court noted in that case, and the trial court previously ruled in that case, that Mr. Darnaback's attempts to bring in the other county clerks in this case was inappropriate, that it amounted to bringing essentially a third-party action. And the trial court determined that that was inappropriate, and this court determined that the trial court was correct in doing that. Indeed, and I will refer you to paragraph 67, when the court made its conclusion about the discussion of Darnaback's attempts to bring in the other county clerk and the fact that the trial court refused to allow him to do it, this court said, quote, the circuit court appropriately denied Darnaback's request. So my submission to you is that's the law of the case. We're not going to ever be dealing with anything with Franklin County in this case. I wasn't sure I understood how that was relevant to the subject matter jurisdiction argument. Well, that is a separate and distinct element from the subject matter jurisdiction argument. The subject matter jurisdiction argument I submit to the court is plain error in this case. What do you mean, plain error? Well, the trial court determined that it lacked subject matter jurisdiction because it claimed that we did not comply with the statutory requirement of giving notice to the other county clerks whose counties were not contested in this case. Okay, but when you use the term plain error, you're not using it in the criminal context. No. Okay. No. I should say apparent. Okay. Obvious error. Obvious error. And the point I make about that, Judge, is this. First of all, if you look at 763, there is no provision whatever in 763 that defines what the form of the notice they have to get. Now, I'm not talking about the contested counties. I'm talking about the other 11 counties whose, frankly, the outcome is irrelevant to this contest. There's no form of which the notice must take. There is no time in which the notice has to be served. And I would note that there is what I perceive to be perhaps a misrepresentation in the Respondent's brief when he tries to say, oh, no, that's not true, because he says this Young v. Williams or Young v. Washington case sets up a time frame for doing that. I'd simply refer you to paragraph 14 of his brief, or page 14 of his brief, pardon me, because what it says is, and it cites the Young case, Young doesn't say that there's a time in which the clerks of the other counties who are not contested have to be notified. What Young says in his quotation of Young is, quote, the petition must be verified and filed within ten days after completion of the canvass with notice of pendency to the contest to be served upon the canvassing board. Now, I'm 14 of his brief. The point I make about that, Judge, we're contesting votes in Franklin County. How in the world, for example, can the county clerk in Wayne County ever be on the Franklin County canvassing board? Because the Young case doesn't say that. It doesn't say what he cites it for. There is no provision that says what the form of notice is or when it has to be delivered for the counties who are not being contested. This court recognized in its previous order that this contest is limited to Franklin County. I would just simply direct you to look at paragraph 68 of the previous order in which you say as much. Indeed, at paragraph 69, the court reiterates that. The court says the challenge to the results of a primary election challenge in one county out of 12 was appropriately confined to the one county by the party filing the election contest. And then you conclude that a careful reading of the statute negates Dernbeck's position to the contrary. That issue has already been decided by this court. So the question becomes, first, subject matter jurisdiction. Because what you will note is that the trial court said that by reason of the statute, the trial court was deprived of subject matter jurisdiction. Now, for a number of reasons, I submit to you, and we put some of those in the brief, we've complied with the statute within the definition of what the statute requires. Because each of the clerks, and you can see in the record on appeal, each of the clerks were ultimately on notice. They were served copies of pleadings. They were served copies of the paperwork in the case in which the election was staged under circumstances where there was no contest in their counties, under circumstances where the statute doesn't reference either the form of the notice, the content of the notice, or the time of the notice. They were clearly notified. There's no question that the county that is contested, that all these requirements were met. But the second thing, the fundamental error of the trial court is that subject matter jurisdiction doesn't come from the statute. It comes from the Constitution. In election cases? Yes. Do you have a citation to that? I would simply have you to look at, first of all, Article 6, Section 9 of the Constitution. Article 9 says, circuit courts have original jurisdiction in all justiciable matters except when the Supreme Court has original exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve in his own office. Circuit courts shall have the power to review administrative action as provided by law. There is no provision in the election code which accepts the election contest from Article 9 or from the rules set out by the Supreme Court in, among others, LVNV and Bellville-Toyota. The point of the matter is... Bellville-Toyota says the courts are, Illinois courts have general jurisdiction over matters. Yes. Are you sure there's not a provision in the election code that grants courts authority to hear election contests? Well, I would simply refer you to 763. It says authority and jurisdiction are vested in the circuit court. 763 says that. But the point of the matter is what 763 does is to create a justiciable matter that didn't exist at common law. And I would have the court take a look at what the Bellville-Toyota case had to say about that. And I would refer you to 199 Illinois 2nd, have you look at 335 through 337. What the Bellville-Toyota case says is the legislature may create new justiciable matters by enacting legislation that creates rights and duties that have no counterpart at common law or in equity. Clearly, that's an election contest. That's what I was asking you, though. Isn't it the legislature who created the ability of the courts to hear election contests? The legislature created the justiciable action. It did not create the jurisdiction. And I submit to you that the Bellville case addressed that. It says the legislature's creation of a new justiciable matter, however, does not mean that the legislature thereby confers jurisdiction on the circuit court. Article 6 is clear that except in the area of administrative review, the jurisdiction of the circuit court flows from the Constitution. And the court discusses the fact that, frankly, that some of the courts who have held otherwise have done so in error. It then says, we reiterate, however, that the jurisdiction of the circuit court is conferred by the Constitution, not the legislature. Only in the area of administrative review is the court's power to adjudicate controlled by the legislature. And if you continue with that, the court notes that the legislature's power to define the court's jurisdiction was expressly limited to the administrative review. The current Illinois Constitution adopted in 1970, and it cites Article 6, Section 9. So the legislature may create the justiciable issue. That's what the Bellville case says. But the jurisdiction of the court to hear the justiciable issue comes from the Constitution, not from the statute which creates it. And I would have you take a look, if you will, at the more recent decision of the Supreme Court in LVNV, which we've cited, LVNV funding versus Trice, which cites with approval the Bellville case. This is a 2015 case. It says Bellville-Toyota's held that with the exception of the court's power to review administrative actions, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state Constitution. There's no exception to that. This clearly is not an administrative action, Your Honor. This is an original action brought per statute. Now, what becomes clear is that the trial court did not understand that distinction. And I would have you look at the trial court's order. The trial court's order relies on a case called Ervin versus Asbury or Asbury. Now, one of the things that you will notice about that case is it is not an election contest case. It is an administrative review case. Clearly, administrative review is in a separate category of cases than cases of justiciable matters, even if they are created by the legislature. I would simply ask you to take a look at the first paragraph of the Ervin case. In the first paragraph of the Ervin case, the court notes, Ms. Ervin, I can't even pronounce the clerk's name, Ms. Ervin filed a petition in the circuit court seeking judicial review of multiple electoral board decisions overruling objections to certain petitions. You're reading from the Ervin case? From the Ervin case. Paragraph one of the Ervin case. Paragraph one. So clearly the Ervin case from which the trial court relied is an administrative review case. And I would ask you to take a look at paragraph 17 of the Ervin case, if you will, because it goes into greater depth about the extent of the administrative review. Clearly, administrative review is separate and distinct under Article VI, Section 9 of the Constitution, because clearly under administrative review, the Bellville case said as much. Under administrative review, the court's jurisdiction is subject to statute. This case is not administrative review. Go ahead and finish that. Yeah. This case is not an administrative review. This case is an original justiciable action arising out of the justiciable action created by the legislature in 763, not, not an action reviewing some electoral board or something of that sort. Okay. I have one question for you that you haven't touched upon, but you raised it in your brief, and I just want to know if you're sticking with it. You had a motion of sorts to strike a portion of Appellee Nurevick's brief because it didn't comply with Rule 341H7. Do you still maintain that? Yes, ma'am. There's no authority or no basis cited for the argument made there. Okay. I just want to, since you didn't touch on it, I just wanted to add to it. Okay. Thank you very much. Mr. Cox? Good morning. Good morning, sir. May I please call? I think I should start where Mr. Harvey began as well and talk about recounts. Article 763, up until 2006, January 1st, 2006, contained a provision. 763 contained this provision, which was removed at that time, and here's what it said. If grounds, alas, are sufficient in law, the court shall proceed in a summary manner and may hear evidence, examine the returns, recount the ballots, and make such orders and enter such judgment as justice may require. They took that out. There is no provision in 763 for a recount. There is a provision in Article 3, and that provision in Article 23.2 says that a court hearing an election contest pursuant to this article or any other provision of law shall grant a petition for a recount properly filed, and then it goes on. In other words, it's saying if there is a provision of law in addition to this article that permits a recount, here's the basis for it, which is reasonable likelihood. But when we go to Article 7, we see they've removed it. There is no provision. Well, let me ask you this, then. If that is true, then that would have been true when the case was argued before us a couple of years ago. True. At that time, if the court had no subject matter jurisdiction issue raised now, it could not be waived. So our appeal would be in error. The order would be in error. You're saying there was never, ever any subject matter jurisdiction since 2006. If I can explain, Judge. In 2006. Go ahead. When this case was filed, the petition clearly said originally pursuant to Article 23. The First Amendment, the Second Amendment, the Third Proposed Amendment were all pursuant to Article 23. The very first paragraph of every petition said we're under Article 23. They were able to get amendments because they were under Article 23, because Article 7 does not permit amendments. Article 23 does. They got two amendments because they were operating under Article 23. When did they finally say, oh, no, we're not under Article 23, we're under Article 7? They said that only when we said if you get a recount, we have 10 days from that recount in which to ask for a further recount under Article 23-23. Only then, upon remand, did they say we're not under Article 23, we're under Article 7. And when they said that, when they identified instead of being under Article 23, as they said, and said we're under Article 7, at that point, Article 7's requirement of notice became irrelevant because they had switched the provision they were under. How do you square your argument with paragraph 14 of our order that clearly says that Doble's position is similar to that of Dermbeck as to the interpretation of Section 7-63? And then we go on. I mean, we clearly were under the impression that this was a 7-63 issue in our order. And I'm talking about our order. And just for the record, for Judge Chapman's benefit, I'm referring to our opinion, 2017 L.F. 5th District 130513, Rule 23. When we were here the last time, and up to the point they said we're only operating under Article 7, I think we all operated under the idea that they were bringing their petition under Article 23, but there were certain provisions of Article 7-63 that might apply. But not that they were bringing it exclusively under 7-63, which they now argue that they now argue Article 23 has no application. Only 7-63 applies. That was not the understanding at the time. While it may have some application, they also were taking the benefit of Article 23, which allowed amendments and all sorts of other things. And they took that position until we wanted to use Article 23. And they said, oh, no, it's exclusively under 7-63. And at that point, when they said exclusively, that changed everything. It changed what they represented to you when they were here the first time, that they were under 23 and applying 7-63. Does it really matter? I mean, from a jurisdiction, subject matter jurisdiction point of view? I mean, are you saying that somehow the legislature has given the circuit court subject matter jurisdiction as do some portions of the election go and not others? Is that your position? No, not at all. I think that Article 23 and Article 7-63 both apply here. But do you believe that there's subject matter jurisdiction in the circuit court for both of those provisions? The court has jurisdiction over the election code. It's given by the legislature. It says clearly in 7-63, for example, that it hereby, let me get the right wording, authority and jurisdiction are hereby vested in the circuit court to hear and determine primary and contest, for example. That's not 7-63, is it? But that's another provision. I agree. It's a provision in the electoral code that specifically grants us jurisdiction. And it's over the entire code, right? This court undoubtedly has power to render decisions regarding the entire election code. There's no question. So do you agree that the circuit court dismissed these pleadings based on issue of subject matter jurisdiction? Yes. There are two parts to subject matter jurisdiction. One is the general right of this court or the circuit court to hear a certain type of matter. There are not justiciable issues the courts can't hear. This is one they can hear. They have the general power to hear this type of case. So what are the two parts? The second part is this. Does the court have the power to render to a specific party relief? In other words, while the court has the power to hear the election contest and make decisions with respect to the election contest, does the second part of the jurisdiction issue is whether or not the person bringing the case has the right to any relief from the court? And that relief in this case was cut off because they failed to follow the statute. For example. Go ahead. I don't want to interrupt. For example, Judge, if they had filed it 30 days after the canvass, this court would not have the power to hear it because they have not fulfilled the prerequisite that entitles them to relief. If they had verified. Well, that's a matter of statutory interpretation. That's not. I mean, for example, I think you're referring to the 10-day notice, right? No, I'm referring to the filing of the petition within 10 days. Yes. I'm sorry. I missed that. Sure. But that's like a statute of limitations. Does the statute of limitations equate to subject matter jurisdiction? Well, I would not call it a statute of limitations. I would call it a prerequisite to bring a petition. For example, it also requires that it be verified. If it's not verified, it's not a proper petition. Under 2-619, is that what you filed your motion under? It is. And 2-619, and I'm going from memory here for a moment, says that a matter can be barred because of other, quote, affirmative relief. And I think that's what you're talking about is affirmative relief. That is, they didn't comply with the 10 days. Or there may be another statute of limitations issue. Are you arguing that that is somehow the same as equal to subject matter jurisdiction? I think that's your argument. That is the argument, and it was initiated. Do you have any case law that supports that? Pardon? Do you have any case law that would support that argument? I do, Judge. NRA OH, which we've cited, directly addresses that. Is that an election contest? It is not an election case. And I do want to respond to something the Court asked Mr. Harvey while I'm on it. Okay. Point if I can. Sure. That he was talking about Belleville and Torrio case. And you asked whether there is an election case that says what is being said there. And the answer is no. There is no election case. This is maybe the first one where this issue has come up. There is no election case. That is not an election case, and neither was OH. But OH does do this for us. It explains subject matter jurisdiction this way. It says when a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction. And courts exercising jurisdiction over such matters must proceed within the strictures of the statute. And so it goes on to explain that jurisdiction is a combination of the power to hear the case and also the power to grant the relief sought. If the court cannot grant the relief sought, it has no power to issue a decision. For example, if I want to appeal a case and I wait six months to file a notice of appeal, the court has the power to hear the appeal. The court will not hear the appeal. But the court has subject matter jurisdiction to issue an order of dismissal. It has the power to determine that the prerequisites for the exercise of that power have not been met. But how does that relate to jurisdiction? I'm having a tough time. There should be plenty of cases out there that say what you're saying is... Even 619 says other appropriate relief. I mean, if the court can't act because of the statute of limitations, whether it's 10 days in the election code or whatever, the court dismisses the action. Correct. And you're saying, well, that's because the court has no subject matter jurisdiction. Is that the real issue, or is it because there's a statutory impediment to proceeding? In other words, the Constitution hasn't changed. We still have subject matter jurisdiction. No question. But there's an affirmative matter legislatively that prevents us from proceeding. That doesn't take away our subject matter jurisdiction. That's your argument. The court has the power to hear and determine an election case. That's granted by the statute. No question. The court, in exercising that power, the second stage is whether or not, I understand that completely. And the second issue that you haven't addressed is this notice to the clerks, because in the prior order and in the prior appeal, your client tried to raise this whole issue of, well, we have to go out to these other counties, but this court clearly affirmed circuit court that said, no, this is limited to Franklin County. And I think in your brief you talk about you want to do that again. But regardless of that, you raise the issue that the statute is mandatory about this notice as opposed to discretionary. And, again, my question would be, it's because the word shall give notice to these other clerks, right? Correct. That the contestant shall do it. Right. Right. What about, and I'm, correct me if I'm wrong, Mr. Cox, I understand that your argument is that that is an affirmative matter that precludes relief. He didn't give notice to the other clerks. That's right. Just like the 10-day notice. That's right. And your claim is that that deprives the court of subject matter jurisdiction as opposed to it being like, well, I guess even a statute of limitations you're claiming deprives the court of subject matter jurisdiction. The statute of limitations is a little different than this. We're operating not under the statute of limitations. We're operating under the strictures of the statute that permits the bringing of an action based on certain requirements specified in the statute. And I need to address this very quickly, Judge, if I can. Mr. Renshaw's counsel relies on the Poland case for the idea that this is directory, not mandatory. And if we look at that, we see that that is in the context of a ballot. In other words, to toss out a ballot of a voter, which I think we all agree is a sacred right to vote, that you have to say in the statute what happens if you don't do something in order for it to be mandatory. That was the Poland case. In other words, unless it says this is what happens if you don't do it, it's directory and not mandatory. That was in the context of ballots completely. This is not about ballots. We don't have the same state interest in election contests that we do in ballots, which carry with them enfranchisement of voters. So what we have here is a statutory proceeding that tells a person what they must do in order to bring an election contest, in order to give the court the power to grant the relief they're seeking. If you don't do this, the court has no power to grant the relief they're seeking. And that brings in the question of the subject matter jurisdiction. Well, I've had the opportunity to pull up 2-619, which is an involuntary dismissal. And 2-619A1 specifically refers to the court does not have jurisdiction of the subject matter of the action. And then 2-619A9 is the one I was referring to, that the claim asserted against defendant is barred by other affirmative matter, avoiding the legal effect of or defeating the claim. So it seems that our 619 code of civil procedure even makes a distinction between lack of subject matter jurisdiction and another affirmative matter, if you will, that would avoid or defeat the bringing of the claim. How do you square that with your argument? The use of the subject matter jurisdiction in the first instance goes to this question. Does the court have the power to hear the case? I mean, in federal court, we see very limited jurisdiction. The circuit courts of Illinois have a much broader jurisdiction as well. But the case in the first case must have that initial power to hear the case, the power to, is it justiciable? Is it something that a court can hear and render a decision on? That's the first part of it. But the second part of subject matter jurisdictions is the court have the power, power being the operative word, the jurisdiction's power, the power to grant relief that's sought. You may have the power to hear it and render a decision, but do you have the power to grant the relief that they're seeking? Because if you don't, the court lacks jurisdiction. How do you make that leap? I'm still having a tough time. I don't see any case law that makes that leap. I understand your argument about being barred on an affirmative matter, but I'm really having trouble. And I pulled up O.H., which is a judicial, it's a juvenile delinquency case. Right. Which is very statutory, a very heavy statutory. But, for example, you claim that this notice provision is somehow similar to the 10-day provision. You have case law on the 10-day rule that clearly says if you don't do it in 10 days, you're out. We don't have any case law on the second part, which is giving notice to all these other counties. So, for example, if you're running for attorney general in Illinois, what you would have to do to contest the election is give notice to all 102 counties? Yes. What would the form of notice look like? The form of the notice would say that there's a pending case, election contest, that has been filed. Where do you get that? It says in the statute there's no form given. Nor is there a form given for filing a notice of appeal. Well, there's no even time limitation on when that notice would be given. Ideally, it could be given after the Rule 23 order, couldn't it? Could it not? According to the case we cited here versus Washington, it indicates that the – and, by the way, this is all in the same paragraph, the 763. Yes. The contestant shall also file with the election authority this notice. Now, it does not have to give a specific form. It says you must notify them by filing. And there's no question they did not do that in this case. No question. You must also file when you are filing your petition, which must be done in 10 days. Also file with the election authority a notice of dependency. The plain and obvious reading of that would be at the time you're filing your petition, give them notice by filing notice with them. And I must – and I see my time is out. I haven't had a chance to address the other 11 counties. I understand. And unfortunately, as you are well aware, time is limited. But I do have one question for you. Sure. We'll give Mr. Harvey a few extra minutes because of my question. This is an important case, obviously. You're combining the two sentences, 10 days after the completion, with shall also file. Is it your position that the general overall purpose of the election code would be satisfied if we interpret this as mandatory as opposed to discretionary? Yes. It should be mandatory because the legislature found it important enough to make it absolutely clear the contestant shall file this. And it included it in the same paragraph as the filing of the petition so that the notice will be given to every county clerk in that political subdivision. And the fact that in this contest, the other counties don't matter. They do matter extremely. This Court has already limited it to Franklin County by order. At least that's right now the implication. You may file something else below. I don't know. Can I address that very quickly? I know you're short on time, but just a couple of minutes. Maybe one. There are two parts to the election contest. There's the initial stage where Mr. Renshaw has to show a reasonable likelihood. That's where we are. In that stage, he gets to pick the precincts. In Franklin County. And he picked Franklin County. Fine. But Article 23-23 says if he does that, then we get to have a further recount, and it's not time for us to choose that yet. It's 10 days after that recount takes place. Then we get through. So this Court has not ruled we can't have a further recount under 23-23. It's only ruled we cannot make him pick more than he's picked for his initial stage. Okay. Well, I guess that's something that will be argued maybe later. Maybe. Thank you, Jennifer. Mr. Marley, do you have anything to respond to? Sure, I think I do. Okay. Let's be clear about one thing, Your Honor, if I may. What he just said to you is flat out wrong. Which part? Well, most of it. But this part I'm referring to specifically is he says that at some point under Article 23, they may want to come back and have an additional recount if we prepare them. I really don't want to go into that because that's the future. I don't know about the future. All right. My point is... I understand your point. All right. That that will never happen because this is a primary context, and it's – that is the significance. Let's talk about this mandatory versus discretionary because it seems that in both the Pullen case and the Tuttle case – is that it? Yes. Am I pronouncing it correctly? Yes. The court focused on the intent of the code to make sure that voters were not deprived of liberty. Sure. And my question to you is the statute does use the word shall, and at this point you've not operated under that. It is truly mandatory. So what is your argument on mandatory versus discretionary? Two things. First of all, Judge, if you look at the language of the statute itself... Which statute? 763. Okay. I'm looking. 763 does not provide a time or a form of the notice to the non-contested clerks. Well, it's Mr. Cox's argument that it is that it immediately follows the 10 days, and therefore 10 days should be applied. There's nothing that says that. In the statute, there's no case law that says that. The point is, and I guess to reduce it to its ultimate absurdity, Judge, when the contest is limited to one county, this court has already determined, as you pointed out to Mr. Cox, that the status of this case is there's not ever going to be a recount at any of the other counties. It would ultimately make no difference if the other counties were never notified. And I understand that that's not what the statute says, but the purpose of the notification is to preserve the balance in the counties where there's going to be a contest. That's been done. That's been done. This court's already found there's only going to be a contest in Franklin County. So whatever, might have, would have, could have, doesn't make any difference. And he gets back to this, oh, my goodness, under Article 23 or Part 23, we're going to do this or that or something else. No, you're not. This is a primary. This is a selection of a nominee, not the election of the officer. So no, 23, you're not going to do anything under 23. The only thing that's going to happen under 23 is under 23.2, there's the potential for a recount. The reason 23 is in the case is because that's the only provision that provides for the recount. And the 23.2 says specifically under Article 23 or any other law, if you look at Section 1 and Article 7, it's very clear that it is Article 7 that governs the nomination, not 23. The other thing that should be pointed out here is that the assertion that he makes that somehow or the other we didn't allege something so the court doesn't have jurisdiction, I simply would refer you again to Bellville-Toyota, in which the court says, and I'm referring to it at page 335 of 199, All in a Second, 335. Some case law suggests that the legislature in finding a judicial matter may impose conditions precedent to the court's exercise of jurisdiction that cannot be weighed. We necessarily reject this view because it is contrary to Article 6. Characterization of the requirements of statutory cause of action as non-weightable conditions precedent to the court's exercise of jurisdiction is merely another way of saying the circuit court may only exercise jurisdiction which the legislature allows. We reiterate, however, the jurisdiction of the circuit court is confirmed by the Constitution, not the legislature. So the point is, the fundamental ruling of the trial court in this error, in this case, is that its jurisdiction was conferred by the legislature, not by the Constitution. The Bellville-Toyota case and the other cases which cite it say that that is in error. And the point of the matter is, and I would ask the court simply to take a look at the trial court's order, the trial court reached the conclusion in which it said, eh, no such matter of jurisdiction. I'm not going to rule on anything else. And it said everything else pending in the case was moved. So we didn't get to the place, for example, where this court directed in its previous order that the trial court proceed to deal with the contest and the ballots in the particular directions this court gave in its previous order. We never got to that because the trial court erroneously cut it off, claiming it didn't have jurisdiction. So the point of the matter is, at this point, the thing that has to happen is the case has to be remanded so that it can be determined if Dernbeck was, in fact, ever elected, because that's never been determined yet. And so I would submit to the court that under those circumstances, this case, the trial court's determination of lack of subject matter jurisdiction, which it concluded precluded it from ruling on any of the issues pursuant to which this court previously demanded it, is patently in error. The trial court's jurisdiction is derived from the Constitution, not from the statute. I find it significant that counsel never addressed that point in his argument to you, because what's very clear in the Supreme Court decisions we've cited is that there's no question about that, and he didn't argue to the contrary. The entire reason that we're here today is because the trial court said, oh, my goodness, because of the statute, not because of the Constitution, I don't have jurisdiction and I'm not going to hear anything. Now, as to the other thing in terms of these notice requirements, as I have indicated to you previously and we've said in our brief, I think we've complied with the notice requirements, because the notice requirements do not indicate a form of notice or a time of notice. The record on appeal will indicate that for the various reasons we've previously reiterated, all of these folks were on notice. Why do you say that? Why do you say these other counties were on notice? Well, because they weren't named as parties. No, they weren't named as parties. They don't have to be named as parties, because we didn't challenge any of the votes there. And in our ruling, Tom, they were not necessary. That's correct. But they were provided copies, for example, of pleadings related to the case. How do we know that from the record? Because the record will reflect that there are proofs of service showing that they were all provided. What were they provided? Judge, I'd have to go through the list, but I know that they were. They were all provided with the notice that the court was staying the case pending the outcome of the previous appeal. They were all provided with that. So they were all aware that the contest was pending. Do you have any citation of the record on that? No, I can send it to you, Judge. And is the record in this case? Yes. I can send you. I have a list on my desk, and I should have picked it up, of all of the pleadings in which the proofs of service show that it was sent to all of the county clerks of the other counties, and I can provide that to you. Okay. Could you do that? Yes, ma'am. I can do it today. Okay. Well, it ought to be seven days. If, Mr. Cox, you want to respond to that, you can have seven days as well, saying that they didn't get notice or whatever. Right. There were things sent to them. Well, I don't know what the argument, but you can respond in writing. So this is the first time anyone has argued that, at least I'm aware of, that there was notice given. And I think, Judge, you'll find that that's in our brief, that we pointed out that they were provided notice in that form. Okay. I'll look for that. But I'll also give you seven days to get a citation for the record. Yeah, that's right. And the point I get to is. You understand, I'm looking for a citation for the record. Yes, ma'am. Yes, ma'am. And I'll have to get somebody that's smarter at a computer than I am to get to it, but I promise. I'll give you seven days. See, my technical abilities were surpassed when they quit using dial telephones. But the point of the matter is, this whole case tenders around subject matter jurisdiction. That's conferred by the Constitution, not by the statute, and it's never suggested otherwise. Okay. Thank you both. We're going to take this matter under advisement. We'll get an order issued in due course, hopefully very quickly for you. We're going to take a short recess so that Judge Bowie can join us again. And then if the parties want to get ready for the next case, that would be great. Thank you.